15887

BISHOP v. SANTEE HOUSING CORPORATION.
(40 S. E. (2d), 166)

*Mr. C. R. Burbage,* of Charleston, for Appellant,

*Mr. Norval N. Newell,* of Moncks Corner, for Respondent,

November 13, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

This appeal comes from the Court of Common Pleas of Berkeley County where the plaintiff brought an action for

specific performance of a contract for a sale of certain lots and building known as Lots Nos. 203 and 204, Block No. 2, California Street, Moncks Corner, South Carolina, dated May 23, 1944, between Santee Housing Corporation, Seller, and James C. Bishop, Purchaser. The contract provides that Bishop pay the down payment of Six Hundred ($600-.00) Dollars and assume the F. H. A. mortgage thereon which was of record at the time, payable One Hundred ($100.00) Dollars, upon signing the contract to be applied as part of the down payment, and Thirty-Seven and 50/100 ($37.50) Dollars per month, beginning June 1, 1944, first to apply on F. H. A. mortgage loan, taxes, and insurance, and the balance to be credited to the down payment. The contract further provides that this instrument expresses the entire agreement between the said parties and shall be enforceable by either party by specific performance; and there is no other agreement, oral or otherwise, varying or modifying its terms.

This matter was heard by the Honorable W. H. Grimball, who found that all payments were made up to date which would constitute twenty-four payments at Thirty-Seven and 50/100 ($37.50) Dollars each, making Nine Hundred ($900.00) Dollars being paid by installment, that the amount payable each month on the mortgage indebtedness was Twenty-Three and 63/100 ($23.63) Dollars, leaving a balance of Three Hundred Twenty-Two and 78/100 ($322.78) Dollars credited to principal, taxes and insurance as mentioned in the contract. The auditor's certificate shows twenty-seven lots valued at Fifty ($50.00) Dollars each and twenty-seven buildings at Four Hundred ($400.00) Dollars, making a total assessed value of Four Hundred Fifty ($450.00) Dollars. The tax for the year 1944, the year the contract to purchase was made, was Sixty (60) mills, it being dated May 3, 1944. The plaintiff, therefore, was liable for taxes amounting to Fifteen and 75/100 ($15.75) Dollars, apportioned for the year 1944. The tax levy for 1945 was Fifty-Six (56) mills, which

amounted to Twenty-Five and 20/100 ($25.20) Dollars. His Honor further found that two payments were made on the insurance amounting to Twenty-Three and 91/100 ($23.91) Dollars per year, or a total of Forty-Seven and 82/100 ($47.82) Dollars, making a total of Eighty-Eight and 77/100 ($88.77) Dollars on items provided for in the contract, this sum being deducted from the Three Hundred Twenty-Two and 78/100 ($322.78) Dollars, leaves a balance of Two Hundred Thirty-Four and 01/100 ($234.01) Dollars, which with the One Hundred ($100.00) Dollars paid at the time of the contract, makes a total of Three Hundred Thirty-Four and 01/100 ($334.01)·Dollars paid on the down payment, leaving a balance upon the down payment of Two Hundred Sixty-Five and 99/100 ($265.99) Dollars, and orders that upon payment to the defendant the sum of Two Hundred Sixty-Five and 99/100 ($265.99) Dollars, that the defendant do make, execute and deliver to the plaintiff, good and sufficient title in fee simple for the premises described in the complaint and contract, subject to the mortgage of Santee Housing Corporation to Southeastern Fire Insurance Company of North Carolina.

From such findings the defendant appeals to this Court upon exceptions which pose the question of whether or not the purchaser, by entering into the contract hereafter quoted and assuming the F. H. A. mortgage, agreed to assume the cost and charges arising out of such mortgage.

The contract entered into between the parties reads as follows:

"THE STATE OF SOUTH CAROLINA,

'MEMORANDUM OF AGREEMENT made and concluded at Charleston, in the State aforesaid, by and between Santee Housing Corporation, Owner, party of the first part, and James C. Bishop, party of the second part, witnesseth:

"That the party of the first part agrees to sell and the party of the second part agrees to buy, the real estate de-

scribed as follows, upon the terms and conditions set forth below.

## DESCRIPTION OF PROPERTY

"All of those lots of land including building thereon, situate, lying and being in the town of Moncks Corner, County of Berkeley, and State of South Carolina, known as a portion of the Gabriel Spann lands, and designated as Lots Nos. 203 and 204, block 2, California Street, Moncks Corner, recorded in the R. M. C. Office, in Berkeley County, in book A-71, page 334.

## TERMS OF SALE

"The party of the second part agrees to pay the down payment of Six Hundred Dollars ($600.00) and to assume the F. H. A. mortgage, known as commitment number 64603963 D. Payable One Hundred Dollars ($100.00) upon signing of this contract of sale, applied as part of the down payment, and Thirty-Seven Dollars and fifty cents ($37.50) per month, beginning on June 1, 1944, first to apply on F. H. A. mortgage loan, taxes, and insurance, and the balance to be credited to the down payment.

"Upon the delivery of a good and marketable title to the property above described.

"And it is further agreed that the purchaser shall be held responsible for the fixtures covered by F. H. A. mortgage insurance, being space heater, wood or coal range with water jacket and thirty gallon tank. And should the purchaser abuse, damage, or willfully break this Contract of Sale, the same shall become null and void, and all money paid to the Santee Housing Corporation shall be forfeited.

"The parties hereto agree that the sum of One Hundred Dollars has been paid by the party of the second part to the party of the first part on account of the purchase price of the above described property, it being expressly agreed that this amount shall be forfeited to the Santee Housing Corporation should default be made in the payment of the balance of the purchase price upon the terms and conditions

aforesaid; said deposit, however, to be refunded to the party of the second part should the title to the said property prove not good and marketable.

"The parties hereto further covenant between themselves and agree that this written instrument expresses the entire agreement between the said parties, and shall be enforceable by either by specific performance, and there is no other agreement, oral or otherwise, varying or modifying its terms.

"Witness our hands and seals this 23rd day of May, A. D., 1944, in the presence of

SANTEE HOUSING CORPORATION

H. Banther          By: A. L. Curry, Pres. (Seal)
H. Banther          James C. Bishop"

Plaintiff takes the position that he is willing to carry out his part of the agreement but that he is not liable for various and sundry charges which he contends are not mentioned in the contract. Defendant-appellant, however, contends that upon the assumption of the F. H. A. mortgage and the use of the words "first to apply to F. H. A. mortgage loan, taxes and insurance and the balance to be credited to down payment" charges the respondent with the payment of all costs attached to appellant's F. H. A. mortgage loan, such as attorneys' fees, brokerage fees, stamps, recording, surveyor's costs, title insurance, appraisal fees, transfer fees, credit reports, etc., amounting to One Hundred Seventy-Six and 37/100 ($176.37) Dollars.

The learned Circuit Judge held that the respondent was responsible for only such charges as were specifically mentioned in the contract, such as taxes and insurance, and in this we see no error. Therefore, it is the opinion of this Court that the Order appealed from should be affirmed, and it is so ordered.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.